STATE OF MAINE

*vs.*

HECTOR R. CHABOT, APLT.

Oxford.   Opinion, February 14, 1957.

*Henry H. Hastings*, for State.

*William E. McCarthy*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

BELIVEAU, J. On exceptions. The respondent was charged with violation of Section 150, Chapter 22 of the Revised Statutes, to wit: Operating motor vehicle while under the influence of intoxicating liquor; was tried and convicted.

Immediately after his arrest the respondent requested, as only he could, that a test be taken of his blood to determine its alcoholic contents. Blood was extracted from the body of the respondent by a competent physician and taken immediately by the arresting officer to a Mr. Samuel Rosenthal who made the requested test. This officer was present during the analysis by Mr. Rosenthal. Some time prior to the trial Mr. Rosenthal had moved to New Jersey and was living there.

The three exceptions raise the one issue and for that reason will be considered as one.

Mr. Rosenthal was not a witness at the trial. There is nothing in the record to show the result of the test. The respondent takes the position that absence of evidence of the blood test entitled him to a directed verdict, because it raised a presumption of innocence. No precedent or authority is cited in the respondent's brief to sustain this position.

There is no intimation that the State suppressed this testimony or otherwise interfered with its availability by the respondent. The blood test according to Section 150, Chapter 22 of the Revised Statutes raises at the best a presumption of innocence, no presumption at all or a presumption of guilt. It is not decisive and if the test is such that a presumption of innocence is raised there still may be, and very

often is, more than enough other evidence to overcome such presumptions.

There is here no violation, constitutional or otherwise, of the respondent's rights. The prosecutor is not compelled or called upon to introduce, in a criminal prosecution, all of the evidence available. He is expected to in good conscience and in law to submit to the jury what he believes is sufficient evidence to prove the commission of the alleged crime, just so long as he does nothing to suppress or interfere with any evidence favorable to the respondent.

*Exception overruled.*
*Judgment for the State.*