TOMMY WEDDLE & JAMES WARE, Appellants, v. STATE OF TENNESSEE & J. W. NORVELL, Warden, Fort Pillow State Prison Farm, Fort Pillow, Tennessee, Appellees.

453 S.W.2d 426.

Court of Criminal Appeals of Tennessee. Dec. 18, 1969.

Certiorari Denied by Supreme Court April 6, 1970.

David G. Caldwell and W. J. Stricklin, Union City, for appellants.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Fleming Hodges, Dist. Atty. Gen., Dyersburg, for appellees.

## OPINION

DWYER, Judge.

Tommy Weddle and James Ware appeal from the judgment of the Circuit Court of Obion County. Their petition, filed under the Post-Conviction Procedure Act, was dismissed after an evidentiary hearing.

They are presently confined in the State Penitentiary under a judgment entered against them in the Circuit Court of Obion County on their pleas of guilty to two separate offenses of robbery by the use of a deadly weapon. They received as punishment for committing two armed robberies in Obion County confinement for 15 years, the two judgments to run concurrently. A jury had been impaneled to hear the proof on a not guilty plea on one of the cases of armed robbery. Before testimony was offered the appellants withdrew their not guilty pleas and each entered, through their court-appointed attorneys, a guilty plea in both cases. The attorney general recommended confinement for 15 years on each case. The jury returned verdicts fixing their punishment at confinement for 15 years on each charge. The trial court sentenced both defendants to the penitentiary for not less than 10 years nor more than 15 years with the sentences imposed to run concurrently.

The appellants' assignments of error to the action of the trial court in dismissing their petition are as enumerated:

1. Appellants were not confronted with the witnesses accusing them.

2. Appellants were deprived of the right of effective counsel.

3. Appellants' pleas of guilty were not made intelligently and understandingly, but were induced by fear, misapprehension, inadvertence and ignorance.

4. Appellants were convicted without any evidence of their guilt being presented before the trial jury.

5. Women were systematically excluded from the trial jury.

6. Appellants were denied their right to a motion for a new trial and appellate review.

Appellants' first and fourth assignments of error will be determined together, as one relates to the other. The transcript of the proceedings had when appellants entered their guilty pleas is an exhibit in this record. A reading of that record reveals that when appellants made known to the court they wished to change their pleas and enter a guilty plea the court interrogated them. He asked each if they had been promised any favors and if they had been threatened or coerced in any manner in order to induce them to plead guilty. Both appellants informed the court that no threats, promises or coercion was used in order to get them to plead guilty. The court further advised them that it was the prerogative of the jury to fix the punishment in their cases. He advised them, in view of that, what the range of punishment was that the jury could mete out on the charges. He further advised them of all of their rights, including the right to trial and to have witnesses called on their behalf. They

both, in response to the court's interrogation, told the court they wished to change their pleas of not guilty to that of guilty and submit themselves to the jury on that changed plea. This interrogation conducted by the court reflects that appellants waived their right to call witnesses and waived their right to any evidence being presented against them.

In an opinion written by Judge W. Wayne Oliver, in State ex rel. Lawrence v. Henderson, Tenn.Cr.App., 433 S.W.2d 96, decided June 18, 1968, certiorari denied November 4, 1968, the following language may be found:

> "So far as we are aware, there is no state or federal holding that in addition to a voluntary, knowledgeable confession of guilt by a plea of guilty, there must also be proof of the guilt introduced before the jury. In Tennessee, the right under consideration is simply a statutory right and may be waived. State v. Simmons, 199 Tenn. 479, 287 S.W.2d 71; McCord and Anglin v. Henderson, Warden, C.A. 6th Cir., 384 F.2d 135, opinion filed October 25, 1967."

The first and fourth assignments of error are accordingly overruled.

The second assignment of error alleges that court-appointed counsel at the original hearing was ineffective. The two appointed attorneys both testified and both related they had made independent investigations in the case. They both related they had numerous conferences with the appellants, and the parents and friends of appellants were present at some of the conferences. They both related they had fully apprised ap-

pellants of their rights. They both related that appellants, of their own free will and choosing, changed their pleas of not guilty to that of guilty after the jury had been examined and sworn. They both made excellent arguments on behalf of appellants to the jury. In order for this assignment to be effective, acts of counsel must fall into the standard enunciated in Schaber v. Maxwell, 348 F.2d 664 (6th Cir., 1965):

"* * * Appointed counsel will be held incompetent or ineffective only if the representation is so lacking as to render the proceedings a farce and a mockery of justice."

The efforts expended by these two gentlemen on behalf of the appellants does not come within the standards announced in Schaber v. Maxwell, *supra*. The assignment of error is therefore overruled.

■ ■ The third assignment of error is predicated upon the proposition that if appellants had known their sentence was determinate rather than indeterminate they would not have entered guilty pleas. The record reveals the court explained to them, apart from counsel, the range of punishment involved. The court further explained to them that it was the prerogative of the jury as to the amount of punishment they would receive on their guilty pleas. They both testified that they knew what the recommended punishment would be on their guilty pleas. There was no misunderstanding about their receiving 15 years in each case to run concurrently as their punishment. They heard their attorneys argue to the jury and ask the jury to accept the recommendation of the attorney general that a punishment of confinement for 15 years in each case, the judgments to run con-

currently, was sufficient. The court incorrectly sentenced the appellants to confinement to the State Penitentiary for not less than 10 nor more than 15 years in each case. This did not make the judgment entered void and was corrected by the trial court. The punishment meted out by the jury is the punishment that was bargained for. The assignment of error is accordingly overruled.

The fifth assignment of error complains of women being systematically excluded from the jury venire in Obion County. The trial court, in its finding of fact, found there has been no systematic exclusion of women from the jury venire of Obion County. He notes that at the time of his finding of fact there was a woman serving on the venire. The assignment of error is overruled.

The sixth and last assignment of error claims a denial of appellate review. The trial court also found as a fact that appellants were not denied appellate review. Mr. Burcham, one of the attorneys representing appellants at the original hearing, testified appellants did not desire nor request an appeal. Both Mr. Burcham and Mr. Maness testified that appellants wished to plead guilty and to ask the court to suspend their sentences, which they did a week later, for the appellants, which is further evidence of the fact that at the original hearing they waived their right to appellate review. The assignment of error is accordingly overruled.

The burden in post-conviction proceedings is upon the appellant to prove the allegations in their petition by a preponderance of the evidence. A finding by the trial court that a petition for post-conviction relief is not sustained by the proof is conclusive against the

appellants upon questions of fact unless the reviewing court is able to find the evidence preponderates against such finding of the trial court. State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. George v. Johnson, 217 Tenn. 1, 394 S.W.2d 641.

This record does not support the allegations of appellants. All assignments of error being weighed and found wanting, the judgment of the trial court it affirmed.

Appreciation and commendation is hereby given to Mr. David G. Caldwell and Mr. William J. Stricklin by this court for the efforts extended in representing the appellants.

RUSSELL and MITCHELL, J.J., concur.