Stephen GASKIN et al., Petitioners,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

June 25, 1975.

Joel Kachinsky, Summertown, for petitioners.

## 534

R. A. Ashley, Jr., Atty. Gen., William B. Hubbard, Asst. Atty. Gen., Nashville, Elmer Davies, Jr., Dist. Atty. Gen., Franklin, for respondent.

## OPINION

WALKER, Presiding Judge.

By their petition for postconviction relief, the petitioners below, Stephen Gaskin, Brandon Lerda, Wilbur Jordan, and Dane Culbertson, challenge their convictions for manufacture of marijuana. After an evidentiary hearing, the trial judge filed his memorandum setting forth his findings of fact and conclusions of law. He found all of the grounds to be without merit and dismissed the petition. We agree and affirm the dismissal.

On direct appeal our Supreme Court affirmed the convictions in *Gaskin v. State,* Tenn., 490 S.W.2d 521, cert. denied 414 U.S. 886, 94 S.Ct. 221, 38 L.Ed.2d 133.

On their direct appeal and in this proceeding, the petitioners contend that the Tennessee Drug Control Act unconstitutionally interferes with the free exercise of religion guaranteed by the First Amendment to the United States Constitution. They say that the use of marijuana is a sacrament and a central part of their religion and the Drug Control Act violates due process of law; that the Act is legislation against a state of mind in which the State has no compelling interest; that it is not reasonably related to public health, safety and morals and violates equal protection of the law and that punishment under the Act is cruel and unusual.

The question of the constitutionality of the Act was decided on the direct appeal and these questions have been previously determined in *Gaskin v. State,* supra. The present allegations of unconstitutionality of the statute do not raise new grounds and have already been once litigated. They have been previously determined.

■ In this proceeding the petitioners now seek to attack the search and the seizure of the marijuana. This question was raised by their counsel at the trial but the record shows that the petitioners themselves determined not to appeal that issue but to confine the direct appeal to the constitutionality of the statute. The search and seizure question has been waived. TCA 40–3811–3812.

At the evidentiary hearing the trial judge limited the issues to the petitioners' claims to: (1) violation of the equal protection clause of the 14th Amendment of the United States Constitution by selective prosecution of them; (2) the Drug Control Act violates the 14th Amendment by making manufacturing of marijuana a felony while possession is only a misdemeanor; (3) disparity in sentencing in the different circuits in the state violates the equal protection clause of the 14th Amendment and (4) pretrial publicity (filming by a television crew of the arrest) violated due process and denied them a fair trial.

■ The trial judge found that the mere fact that other people, who purportedly had an interest in the marijuana, were not prosecuted would not make these petitioners less guilty. He further held that it was proper for the legislature to make manufacture of marijuana a felony and mere possession a misdemeanor. He found no proof of any great disparity of punishment in the various circuits.

The petitioners offered testimony showing that television and radio people came when the police arrived and interviewed petitioner Gaskin. They say the television film prejudiced them and the radio people misrepresented their life style. For the state a TBI agent testified the newsmen evidently learned from police radio calls of the impending arrest and came to the scene. At the trial the petitioners did not want to challenge any jurors although their attorney challenged a number peremptorily.

The trial judge found that the evidence failed to show that the petitioners had not received a fair trial as a result of the alleged publicity; that there was no motion for a change of venue and that this is the first time this question was raised.

We have held the Drug Control Act of 1971 as it applies to marijuana in all respects constitutional. See *Lee v. State,* Tenn.Cr.App., 498 S.W.2d 909.

All assignments are found to be without merit and are overruled.

The judgment is affirmed.

MITCHELL and RUSSELL, JJ., concur.