**Billy HULL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 28, 1979.

Permission to Appeal Denied by Supreme Court Sept. 4, 1979.

Jerry H. Summers, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., William P. Sizer, II, Asst. Atty. Gen., Nashville, Lawrence E. Young, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

CORNELIUS, Judge.

Appellant is before this court following an evidentiary hearing wherein the trial judge found his claims for post-conviction relief to be without merit and dismissed his petition. We affirm the dismissal.

Appellant was convicted in the Criminal Court of Hamilton County of being an accessory before the fact of first degree murder and sentenced to twenty years in the State penitentiary. On his direct appeal to this court his conviction was affirmed. The Tennessee Supreme Court denied certiorari. *Billy Hull v. State of Tennessee,* 553 S.W.2d 90. Appellant filed petition for a writ of habeas corpus in United States District Court for the Eastern District of Tennessee, which petition was dismissed. Thereafter, this petition was filed and an evidentiary hearing was conducted. The matter was taken under advisement and subsequently, the trial judge filed his memorandum and order dismissing the petition.

By his assignments of error appellant contends that his constitutional rights were violated and his conviction rendered void because the State suppressed exculpatory evidence which should have been turned over to his counsel pursuant to his pretrial motions. Appellant says the State withheld valuable evidence by the action of

the Chattanooga Police Department allowing the victim's shirt to be destroyed without being subjected to scientific analysis for powder burns. He claims the errors complained of were not harmless errors. He alleges his petition should have been sustained upon the ground of newly discovered evidence which was relevant and material to his innocence and defense.

The trial judge in his memorandum, and in response to the claim that the State suppressed exculpatory evidence in the original trial which should have been turned over to appellant's counsel, found:

1. The State did, in fact, furnish to the defendant (pursuant to his pre-trial motion and order) all exculpatory material and information.

2. The State did, in fact, furnish to the defendant (pursuant to his pre-trial motion and order) the relevant details of all agreements "entered into between the State and any prosecution witness, co-defendant, or accomplice that could conceivably influence his testimony."

The finding of a trial judge who has seen and heard the witnesses testify in an oral hearing, and considered the conflicting testimony, will be given the weight of a jury verdict. *Long v. State*, Tenn.Cr.App., 510 S.W.2d 83, 86. The findings of the trial judge are supported by the record.[1]

The United States Supreme Court in *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104, stated the following:

"We do not, however, automatically require a new trial whenever 'a combing of the prosecutor's files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict . . .' *United States v. Keogh*, 2nd Cir., 391 F.2d 138, 148."

We overrule this assignment of error.

Appellant's second assignment of error attacks the action of the Chattanooga Police Department in allowing the victim's shirt to be destroyed without subjecting it to scientific analysis for powder burns. Appellant's counsel admits he did not amend the petition to specifically allege this assignment, but submits the error is of a constitutional dimension which can be raised on appeal by authority of *Veach v. State*, Tenn., 491 S.W.2d 81.

At the evidentiary hearing in the instant petition, Officer Slaughter testified:

A. I know the shirt was—all the clothing was kept and then one day it was just gone. When we reopened the investigation, we could not find any of the clothing.

Q. All right, is it not correct that the clothing was missing at the time of the trial and could not be produced in court.

A. That is correct.

Q. And you are aware of the controversy over whether there was powder burns or just gun residue on the shirt, are you not, Mr. Slaughter?

A. I know what was testified, yes.

Q. All right. Do you have any idea what happened to that shirt?

A. I do not. Or the pants or the shoes.

Mr. Summers: I have no further questions, Your Honor.

■ The State's position is that this assignment of error is without merit since it is a matter which was raised at the trial level and could have been presented on direct appeal.[2] This was waived under Section 40–3811—40–3812 T.C.A. We agree. See *Gaskin v. State*, Tenn.Cr.App., 530 S.W.2d 533, 534.

■ We have examined this assignment in the light of appellant's claim that it is of

---

1. The Federal District Judge, on pages 7 and 8 of his memorandum, reached the same results, reasoning the suppressed evidence must be exculpatory and of material value to the defense. *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706. The Federal District Judge was also of the opinion that the evidence in

question could not diminish petitioner's culpability, therefore by reason of the character of the evidence, there was no constitutional error. *United States v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 49 L.Ed.2d 342.

2. See Dr. George Beckmann's testimony in original bill of exceptions, pages 428 through

constitutional dimension. We do not find the alleged error to be anything more than an evidentiary matter. In *United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537, the Supreme Court dealt with the issue of lost tapes which were not produced and "their ultimate fate remains a mystery." The record was devoid of credible evidence they were *suppressed.* The court said the *Jencks* decision and Jencks Act were not cast in constitutional terms. It held the question of the tapes was not one of constitutional dimension.

In the case of *People v. Eddington*, Mich. App., 218 N.W.2d 831, the Michigan court held the nonproduction of glass particles, which were once embedded in defendant's shoes and which expert testimony indicated matched broken back-door glass in murder victim's home did not violate defendant's right to compulsory process and to present witnesses in his defense. See also, *State v. Chabot*, Me., 129 A.2d 559 and *People v. Sauceda*, 199 Cal.App.2d 47, 18 Cal.Rptr. 452, 457. We overrule this assignment of error.

 Appellant's third assignment of error is directed at the trial judge's reference to "harmless error." In the first paragraph of page 14 of his memorandum and order the trial judge found:

> "The Court further finds that the complaints of the petitioner, taken singly or in the aggregate, would at most constitute harmless error. There were abundant evidentiary and physical facts corroborative of those witnesses' testimony, and independent of the witnesses, which would have compelled the same result of conviction. *Reddy v. Jones*, 4th Cir., 572 F.2d 979."

Examining the complaints of the petitioner in the light of the entire record of the case,

cumulatively the complaints did not provide an impact so material as to affect the outcome of the trial. Hence, the trial court held there was no constitutional error which would afford relief under the post-conviction statutes.

We do not find appellant has carried the burden of proving a material error was committed in his original trial. The trial judge hearing the petition summarized his findings by use of a modifying and limiting sentence, "The court *further* finds that the complaints . . . , *would at most constitute harmless error.*" The trial judge correctly applied the federal standards as required by *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.[3]

This assignment is overruled.

Appellant's last assignment of error is the trial judge's failure to sustain his petition and grant him a new trial upon the ground of newly discovered evidence which was relevant and material to his innocence and defense. We have in treating the other assignments of error found that the State has not suppressed material evidence which was exculpatory of the appellant. The appellant has not carried the burden of showing in his original trial a material error of such constitutional dimensions as would require a new trial. Therefore, it was not error for the trial judge to dismiss the petition without granting a new trial. This assignment of error is overruled.

The judgment below is affirmed.

DWYER and BYERS, JJ., concur.

---

445, exhibit 15 to this record. Also see jury argument of appellant's counsel, page 885, same reference.

**3.** The Federal District Judge found there had been no constitutional error committed in the state criminal trial. " . . . [T]he harmless error statute becomes irrelevant to these proceedings." (Page 9, memorandum civ. 1–77–153)