**STATE of Tennessee, Appellee,**

v.

**James BISHOP, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 17, 1986.

Permission to Appeal Denied by Supreme Court April 6, 1987.

Brett B. Stein, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Ann Lacy Johns, Asst. Atty. Gen., Nashville, John W. Overton, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellant stands convicted of armed robbery. His conviction was upheld by this Court, and the Tennessee Supreme Court denied appellant's application for permission to appeal. Subsequently, petitioner filed a *pro se* petition for post-conviction relief and was granted an order by the trial court appointing private counsel to represent the indigent petitioner. On February 14, 1986, after an evidentiary hearing, the trial court entered its findings of fact and conclusions of law denying the petition for post-conviction relief. He now appeals as of right from the judgment of the Criminal Court of Shelby County, raising the issue of ineffective trial counsel. Appellant also asserts that the trial court *sua sponte* should have granted a new trial.

Specifically, appellant contends that his trial attorney was deficient because he failed to move for a mistrial when his co-defendant obtained a severance and entered a guilty plea during voir dire after eight jurors had been accepted. The record shows, however, that the co-defendant's severance and change of plea occurred outside the presence of the jury. Moreover, the record shows that the trial court cautioned the eight jurors to draw no inferences or presumptions from the severance.

The right of an accused in a criminal prosecution to the effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution, as well as Article I, § 9 of the Constitution of Tennessee. The United States Supreme Court has stated that the burden of proof of a criminal defendant making an assertion of ineffectiveness is twofold:

(1) He must show that the representation was deficient; and

(2) He must prove that the deficiencies prejudiced the defense, depriving the defendant of a fair trial.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The test in Tennessee to determine the effectiveness of counsel is whether the attorney's services were "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975). *Baxter* rejects the old "farce and mockery" standard, and adopts the Sixth Circuit Court of Appeals ruling in *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir.1974), that the defense counsel "must perform at least as well as a lawyer with ordinary training and skill in the criminal law," must protect his client's interest unaffected by conflicting considerations, and must investigate and timely assert all apparently substantial defenses available to the defendant.

The court in Baxter also adopted the guidelines delineated in *United States v. DeCoster*, 487 F.2d 1197 (D.C.1973), wherein that court referred to American Bar Association Standards and articulated five circumstances in the case under its consideration which suggested potential denial of effective assistance of counsel. In *DeCoster*, the court held that to be effective under the Sixth Amendment, trial counsel must confer with his client, advise his client of his rights, protect those rights, and investigate and develop all substantial defenses. The Tennessee Supreme Court has held, however, that trial counsel's tactical decision will not be second-guessed using the benefit of hindsight. *Hellard v. State*, 629 S.W.2d 4, 9–10 (Tenn.1982).

As a matter of appellate procedure, it is well established that a trial court's findings upon questions of fact are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. *Clenny v. State*, 576 S.W.2d 12, 14 (Tenn.Crim.App.1978), U.S. *cert. denied* in 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050; *Graves v. State*, 512 S.W.2d 603 (Tenn.Crim.App.1973); *Janow v. State*, 4 Tenn.Crim.App. 195, 470 S.W.2d 19 (1971). The trial court's findings are given the weight of a jury verdict. *Taylor v. State*, 180 Tenn. 62, 171 S.W.2d 403 (1943); *Janow v. State, supra.*

**554**

■ In the case sub judice there is nothing in the record to suggest that the trial attorney did not adequately assist the appellant at the trial level. To the contrary, the trial court found counsel to have exceeded minimum standards of competency. Moreover, the guilty plea of the co-defendant occurred outside the presence of those jurors already accepted. The record shows that the jury was not aware of this plea change; and the trial court was careful to provide cautionary instructions to the jury. Consequently, we find no prejudice to appellant, and absolutely no evidence of ineffective assistance of counsel for failing to make a motion for mistrial.

■ As to appellant's assertion that the trial court *sua sponte* should have granted a mistrial, such an assertion is meritless for three reasons. First, no error occurred and therefore a mistrial was inappropriate. Secondly, this Court has held that where a co-defendant entered a guilty plea during trial, absent a show of prejudice, the trial court did not err in failing to grant a mistrial sua sponte if proper curative instructions are given. *Aldridge v. State*, 562 S.W.2d 216 (Tenn.Crim.App. 1977); *Dorsey v. State*, 568 S.W.2d 639 (Tenn.Crim.App.1978) as was done here. Thirdly, the appellant is precluded from now raising such an argument since he failed to raise the allegation of trial error in his motion for new trial and on direct appeal of his conviction. *Arthur v. State*, 483 S.W.2d 95, 97 (Tenn.1972); *Hull v. State*, 589 S.W.2d 948, 950 (Tenn.Crim.App. 1979); T.C.A. § 40–30–112.

In essence, appellant has failed to successfully carry the burden of proving the allegation he has pled by a preponderance of the evidence. *Weddle v. State*, 2 Tenn. Crim.App. 270, 453 S.W.2d 426 (1969); *Long v. State*, 510 S.W.2d 83 (Tenn.Crim. App.1974); *Bratton v. State*, 477 S.W.2d 754 (Tenn.Crim.App.1971). Accordingly, this issue is overruled and the judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.