**James Eddie SHERRILL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 29, 1988.

Opinion on Denial of Rehearing Feb. 3, 1989.

Permission to Appeal Denied by Supreme Court June 5, 1989.

A. Wayne Henry, Fowler & Gibson, Loudon, Tenn., for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, James W. Milam, Asst. Atty. Gen., Nashville, Tenn., Charles E. Hawk, Dist. Atty. Gen., Kingston, Tenn., Frank A. Harvey, Asst. Dist. Atty. Gen., Lenoir City, Tenn., for appellee.

## OPINION

DWYER, Judge.

This case represents an appeal as a matter of right by James Eddie Sherrill from the judgment of the Loudon County Criminal Court denying his petition for post-conviction relief. Two issues are presented for appellate review including a challenge to the validity of the petitioner's guilty plea, and a charge that trial counsel was ineffective. In view of our holding as to this latter question, review of the former issue is pretermitted.

Whether the trial court erred in holding that the petitioner received effective assistance of trial counsel.

The proof adduced at petitioner's evidentiary hearing reveals that the petitioner entered guilty pleas to the offenses of armed robbery, petit larceny, and possession of Schedule II controlled substances with intent to sell. Petitioner claimed that due to the ineffectiveness of his trial counsel, he was pressured into an "eleventh hour" guilty plea. The petitioner testified that he was willing to plead guilty to simple possession, but did not want to plead guilty to possession with intent to sell.

The petitioner admitted to having forty-eight demerol pills in his possession when he was arrested for this offense. He claimed that he was a drug addict and that those pills were for his own personal use. He denied the intent to sell any of the pills.

The petitioner testified at the hearing that he did not see or speak with Mr. Sproul, his court-appointed counsel, until fifteen minutes before the guilty plea was entered. Instead, petitioner was contacted by, and consulted with, a Mr. Hinton who apparently was a law student in the employ of trial counsel, awaiting the bar examination.

The petitioner claimed that only Mr. Hinton had visited him at the Loudon County Jail before the case went to court. The petitioner further claimed that Mr. Hinton had led him to believe that the matter was going to trial and that a jury could only convict him of simple possession. According to petitioner, in the brief moments prior to trial, Mr. Sproul stressed to him that he would be convicted and receive a longer sentence if he did not plead guilty. The petitioner testified that he agreed to plead guilty only under the pressure of trial counsel's eleventh hour advice. The proof was unrefuted that trial counsel did not meet with petitioner prior to the date of trial or interview him. No proof was presented that trial counsel reviewed the matter with petitioner, investigated the case, interviewed witnesses or considered with petitioner possible defenses to the indictment charges.

The State offered no proof whatsoever. Neither Mr. Sproul nor Mr. Hinton testified.

The right of an accused in a criminal prosecution to the effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution. The appropriate test is whether the performance of trial counsel was "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn. 1975).

The United States Supreme Court has stated that the burden of proof of a criminal defendant making an assertion of ineffectiveness is twofold:

1) He must show that the representation was deficient; and further,

2) He must show that the deficiency prejudiced the defense, depriving defendant of a fair trial.

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The trial court's findings of fact in a post-conviction proceeding are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. Janow v. State, 4 Tenn.Cr.App. 195, 470 S.W.2d 19 (1971). Counsel's tactical decisions will not be second-guessed using the benefit of hindsight. Hellard v. State, 629 S.W.2d 4, 9–10 (Tenn.1982). Furthermore, the burden in a post-conviction proceeding rests upon the petitioner to prove his allegations by a preponderance of the evidence. Long v. State, 510 S.W.2d 83, 86 (Tenn.Crim.App.1974); Weddle v. State, 2 Tenn.Cr.App. 270, 453 S.W.2d 426, 429 (1969).

■ In the case sub judice, the proof was unrefuted that petitioner was charged with a felony and that his court-appointed trial counsel did not see or confer with him until fifteen minutes before trial. Rather, petitioner's only contact was with a Mr. Hinton, a law student apparently in the employ of trial counsel,[1] who led petitioner to believe that he would go to trial and, at most, be facing a conviction for simple possession. Only on the day of trial did Mr. Sproul speak with petitioner, moments prior to trial, and recommend that he enter a guilty plea, not to simple possession, but to possession with the intent to resell.[2] Moreover, trial counsel did not confer with petitioner other than those few moments prior to trial, consult with him on the issues, interview witnesses, investigate the scene of the alleged crime or plan with petitioner his defense. Instead, the record reflects that these matters, if addressed at all, were left to the attention of a law student.

Although it is this latter consideration that most concerns the Court, we think counsel's efforts were lacking in this case. Inasmuch as the evidence was unrefuted and the State presented absolutely no proof whatsoever, we must find that the performance of petitioner's court-appointed trial counsel was clearly not within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, supra.

Under the circumstances, we further find that petitioner was prejudiced as a result of trial counsel's subperformance. Specifically, the evidence is uncontroverted that, but for counsel's deficiencies, petitioner would not have entered into the plea bargain

agreement to the indictment offense of possession of Schedule II controlled substances with intent to sell. Strickland v. Washington, supra. Clearly, counsel's failure to interview petitioner, properly advise him, and assist him in planning his defense cannot be dismissed as trial tactic. See, Hellard v. State, supra. In short, petitioner's Sixth Amendment rights were abridged, and the evidence adduced preponderates against the findings of the trial court. See, Long v. State, supra; Weddle v. State, supra.

The issue is found to have merit. Accordingly, the judgment of the trial court is reversed, and the petitioner's guilty plea conviction is vacated.

DUNCAN, P.J., and BYERS, J., concur.

## OPINION ON PETITION TO REHEAR

Before the Court is a petition to rehear by the State pursuant to Rule 39, Tenn.R. App.P. The State is aggrieved with this Court's reversal of the trial court's judgment for two reasons. First, the State contends that this Court overlooks and misapprehends a material proposition of law relating to the quantum of evidence necessary for a petitioner to carry his burden of proof in a post-conviction proceeding. Secondly, the State alleges that the opinion of this Court relies upon matters of fact upon which the parties have not been heard and which are open to reasonable dispute. The State also files two affidavits styled as exhibits to their petition.

■ The specific relief requested is the remand of this case to the trial court with instructions to conduct a further hearing upon the issue of ineffective assistance of counsel. For various reasons, both procedural and substantive, we cannot agree with the State.

As to the State's first argument, we disagree with the State's reliance upon Morgan v. State, 1 Tenn.Cr.App. 454, 445 S.W.2d 477 (1969) for the proposition that the uncorroborated testimony of a post-conviction petitioner per se does not sustain the burden of proof resting upon him.[1] In the case sub judice, appellant alleged the ineffectiveness of counsel as to pretrial consultation and preparation. Under such circumstances, and given the confidential nature of attorney-client relationships, the prospects are remote that any appellant would be able to offer witnesses to corroborate his testimony. The convoluted rea-

---

1. It is also unrefuted in the record that petitioner's wife made a fee payment to petitioner's court-appointed counsel.

2. The record suggests that the trial court was

unwilling to accept a guilty plea to simple possession.

1. We consider Morgan v. State to be somewhat stale, noting that it does not appear to have been

soning of the State is especially revealed in the converse of its argument. To hold as the State contends effectively would preclude the trial court from upholding appellant's claim of counsel ineffectiveness, even where the court is convinced as to the veracity of appellant's testimony and the validity of his argument. Such a holding clearly would contradict the spirit if not the letter of our Supreme Court's ruling in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975). Moreover, to embrace *Morgan*, under these circumstances, would work an injustice and generally serve as authority to defeat any petitioner who claims pretrial ineffectiveness of counsel in a post-conviction proceeding.

In *Skinner v. State*, 4 Tenn.Cr.App. 447, 472 S.W.2d 903, 904 (1971), the Court stated:

> We have no right to dismiss a petition simply because it makes an allegation against a prominent member of the bar, however unlikely it may be that the allegations could be true.

It is elementary in our system of criminal justice that proof ought to be met with proof. Counsel's performance simply cannot be presumed competent, as here, when the evidence is unrefuted to the contrary. Furthermore, we note the necessity of explicit findings of fact and conclusion of law on all grounds presented as required by T.C.A. § 40–30–118.

Accordingly, we rely on *Davis v. State*, 673 S.W.2d 171 (Tenn.Crim.App.1984) and *State v. Craven*, 656 S.W.2d 872 (Tenn. Crim.App.1982) wherein this Court held that when counsel is challenged and a post-conviction relief hearing is held, the State should present the attacked counsel to show what occurred. *See also Garrett v. State*, 530 S.W.2d 98 (Tenn.Crim.App.1975). This ruling is particularly crucial where petitioner alleges deficiencies as to counsel's pretrial performance.

The United States Supreme Court has recognized that a fair assessment of attorney competence is possible only where every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This can be achieved only by presenting the challenged attorney which, here, the State failed to do. To be more specific, the State presented absolutely no proof whatsoever.

In short, this Court did not overlook or misapprehend a material proposition of law relating to the quantum of evidence required for a petitioner to carry his burden of proof in a post-conviction proceeding.

As to the State's second argument, it is asserted that the Court's opinion contains several material statements of fact which are open to reasonable dispute based upon the record as it stands.[2] We cannot agree with the State's contention for numerous reasons.

As preamble to our response to this argument, we quote *State v. Dearborne*, 575 S.W.2d 259 (Tenn.1978) in which our Supreme Court, in reply to a petition to rehear, stated:

> We decide cases and controversies on the basis of the record as presented to us for our consideration, and not as they might, or should have been presented.

575 S.W.2d at 264. In the instant case, the "record as it stands" reveals no misstatements of material facts in this Court's opinion. Indeed, the facts presented are uncontroverted as the State failed to put on even a scintilla of proof. *See Davis v. State, supra; State v. Craven, supra*. The Court's opinion, therefore, reveals no misstatements of fact which are open to reasonable dispute based upon the record as it stands.[3] *State v. Dearborne, supra*.

Secondly, the State overlooks how the trial court could or did, from nonpresented evidence, find petitioner's allegations unbelievable. Surely, the staunch advocate of the State is not urging this Court to uphold rulings of the trial court not supported by the evidence. *See Janow v. State*, 4 Tenn.

---

cited in a reported case since 1974. We do acknowledge that this authority was cited recently in an unpublished opinion of this Court. However, we distinguish that opinion from the case *sub judice* and further note that it was cited for a narrower proposition than that argued here by the State.

**2.** In support of its argument, the State submits two affidavits as exhibits to its petition, one from the alleged law student in this case which

was filed with the petition, the second from trial counsel which was filed several days following the filing of this petition. While this Court is sensitive to any conscientious attorney's concern for his or her professional reputation, it makes no apologies for deciding the instant opinion on the record as presented.

**3.** The State acknowledges that the affidavits submitted are not part of the record and, therefore, are not properly before the Court.

Cr.App. 195, 470 S.W.2d 19 (1971). What eludes the State is that the whole purpose of post-conviction proceedings is to ventilate all constitutional claims of the petitioner. Also, it should supply a sufficient record so that our federal brethren may view the record and be assured all questions have been fairly resolved. The record in this matter is totally inadequate for such purposes.

Thirdly, the State, in its petition to rehear, closes by stating:

> Surely this Court has not reached the point where it will accept uncritically the uncorroborated accusations of a post-conviction petitioner who is also a multiple felon ... The Hazards of such a course of action are so obvious that one has difficulty imagining the Court would embrace such a position. The State respectfully believes that the Court had no intention in this case to hold that post-conviction cases could be decided solely upon an uncritical acceptance of a petitioner's uncorroborated testimony.

The so-called hazards of this course of action pale, we believe, in comparison to the deprivation of one's constitutional liberties. Were it not so our forefathers would not have seen fit to pen the Sixth Amendment of the United States Constitution. Article I, Section 9 of the Tennessee Constitution would have gone unadopted. Our United States Supreme Court never would have recognized that the right to counsel is the right to the effective assistance of counsel, *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) or authored *Strickland v. Washington, supra*. Furthermore, our own Supreme Court would not have held as it did in *Baxter v. Rose, supra*. In short, even a convicted felon, as here, may be deprived of his constitutional guarantees.

In addition, we note that the petitioner took the stand to testify, having taken an oath. Under our adversary system of justice, the veracity of any witness may be refuted with proof to the contrary. This simply was not done here. This Court must and does decide cases and controversies on the basis of the record as presented to us for consideration and not as they might or should have been presented. *See Dearborne v. State, supra*.

Summed up, the evidence did not support the trial court's findings that counsel was not ineffective. The record reflected what amounted to a default on the merits, and we had no choice but to vacate appellant's instant conviction. Moreover, the Court will not permit abuse of the petition to rehear by allowing the State, months afterwards, to now establish facts that it clearly should have demonstrated at petitioner's evidentiary hearing.

Accordingly, the State's petition to rehear is denied at the cost of the State.

s/ROBERT K. DWYER, Judge

s/JOE D. DUNCAN, Presiding Judge

s/JOHN K. BYERS, Judge