# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## DECEMBER SESSION, 1996

| | | |
|---|---|---|
| **KENNETH WAYNE O'GUINN,** | ) | **C.C.A. NO. 02C01-9510-CC-00302** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **MADISON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. WHIT LAFON** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |

FILED

April 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

CHRISTOPHER M. MINTON
MICHAEL J. PASSINO
Lassiter, Tidwell & Hildebrand
213 Fifth Avenue North
Nashville, TN 37219

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

DARIAN B. TAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

JERRY WOODALL
District Attorney General

AL EARLS
Assistant District Attorney
P. O. Box 2825
Jackson, TN  38302

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# <u>OPINION</u>

Appellant Kenneth Wayne O'Guinn was convicted of first degree murder and aggravated rape. He received a death sentence for the murder conviction and life imprisonment for the rape conviction. In this appeal, Appellant challenges the trial court's dismissal of his petition for post-conviction relief, presenting the following issues for review: (1) whether the trial court erred in finding that his exculpatory evidence claim was previously determined; and (2) whether the trial court erred in finding that his sufficiency claim was waived.

After a review of the record, we remand to the trial court for consideration of Appellant's first claim in a manner consistent with this opinion.

## I. FACTUAL BACKGROUND

The record reveals that, on January 22, 1985, a Madison County Circuit Court jury convicted Appellant of the first degree murder and aggravated rape of Sheila Cupples. The trial court imposed respective sentences of death and life imprisonment. On direct appeal, the Tennessee Supreme Court affirmed both the convictions and the sentences. <u>See</u> <u>State v. O'Guinn</u>, 709 S.W.2d 561 (Tenn.), <u>cert. denied</u>, 479 U.S. 871 (1986).

Following the dismissal of two post-conviction petitions, Appellant filed a habeas corpus petition in the United States District Court for the Middle District of Tennessee. He alleged the following grounds for relief:

(1) admission of his confession violated his Fifth Amendment right against self-incrimination;

(2) his trial counsel provided ineffective assistance;
(3) the evidence supporting his first degree murder
conviction was insufficient;
(4) the State elicited perjured testimony from Dianna
King;
(5) the State employed surprise testimony regarding the
victim's vaginal wounds;
(6) the State withheld exculpatory evidence; and
(7) the Tennessee death penalty is unconstitutional.

The district court found only the first two grounds meritorious and granted a writ. See O'Guinn v. Dutton, 870 F. Supp. 779 (M.D. Tenn. 1993). On appeal, a three-judge panel of the Sixth Circuit Court of Appeals reversed the judgment of the district court and dismissed the writ. On re-hearing, the Sixth Circuit, sitting en banc, affirmed the dismissal of the writ, thereby vacating the judgment of the district court. See O'Guinn v. Dutton, 88 F.3d 1409 (6th Cir. 1996), cert. denied, 117 S. Ct. 742 (1997).

On April 18, 1995, Appellant filed a third post-conviction petition. This petition asserted two claims. First, Appellant argued that the State withheld the following exculpatory evidence: (a) evidence that Joanie Cupples, the victim's cousin, was involved in the murder; (b) evidence that Joanie Cupple's associates and mother were involved in the murder; (c) evidence that former Jackson Police Officer Richard Harper was involved in the murder; (d) evidence that the victim was killed because she provided information to the police regarding drug trafficking; and (e) evidence that Appellant's brother was first indicted for the murder based upon eyewitness testimony. Second, Appellant argued that the evidence presented at trial was legally insufficient to support a conviction for first degree murder. The trial court dismissed the petition without a hearing, finding that the first claim was previously

-3-

determined and that the second claim was waived. Appellant appeals from this dismissal.

## II. POST-CONVICTION RELIEF

In challenging the dismissal of his petition, Appellant alleges that the trial court erred both in finding that his exculpatory evidence claim was previously determined and that his sufficiency claim was waived.

In post-conviction proceedings, the defendant has the burden of proving the claims raised in the petition by a preponderance of the evidence. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Wade v. State, 914 S.W.2d 97, 101 (Tenn. Crim. App. 1995). Findings of fact made by the trial court are conclusive on appeal unless the evidence preponderates against the judgment. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn.1990). Thus, we are bound to affirm the judgment unless the evidence in the record preponderates against the trial court's findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

According the Post-Conviction Procedure Act, the scope of a post-conviction hearing extends to all grounds of the petitioner, except for those grounds which have been previously determined or waived. Tenn. Code Ann. § 40-30-111. A ground for relief is previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Id. § 40-30-112(a). A ground for relief is waived "if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before

a court of competent jurisdiction in which the ground could have been presented." Id. § 40-30-112(b)(1).

Furthermore, a petitioner must seek relief within three years of the date of the final action of the highest state appellate court to which an appeal has been taken. Id. § 40-30-102. However, in Burford v. State, 845 S.W.2d 204 (Tenn. 1992), and Sands v. State, 903 S.W.2d 297 (Tenn. 1995), the Tennessee Supreme Court created an exception to this statute of limitations, commenting as follows:

> [I]n certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which appeal is taken" -- or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run.

Sands, 903 S.W.2d at 301. The Supreme Court then established the following three-step inquiry for analyzing specific factual situations.

> (1) the court should determine when the limitations period would normally have begun to run;
> (2) the court should determine whether the ground for relief arose after the limitations period would normally have commenced; and
> (3) if the ground for relief is later-arising, the court should determine whether a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present his claim by weighing the petitioner's liberty interest in collaterally attacking a constitutional violation against the State's interest in preventing the litigation of stale and fraudulent claims.

Id.

## A. EXCULPATORY EVIDENCE

Appellant first alleges that the trial court erred in finding that his exculpatory evidence claim was previously determined. In making this finding, the trial court relied upon a district court judgment that found the claim without merit. See O'Guinn v. Dutton, 870 F. Supp. 779 (M.D. Tenn. 1993). On appeal, however, the district court decision was reversed and vacated by the Sixth Circuit. See O'Guinn v. Dutton, 88 F.3d 1409 (6th Cir. 1996), cert. denied, 117 S. Ct. 742 (1997). By virtue of the fact that the Sixth Circuit vacated the district court's decision and the United States Supreme Court denied certiorari, the trial court's finding that Appellant's claim was previously determined is erroneous. Therefore, as the State concedes, we must remand to the trial court for consideration of this claim on the merits.

## B.  SUFFICIENCY OF THE EVIDENCE

Appellant next alleges that the trial court erred in finding that his sufficiency claim was waived. Appellant argues that he could not have waived this claim because of the holding in State v. Brown, 836 S.W.2d 530 (Tenn. 1992); involving the sufficiency of evidence with respect to "deliberation", an element of first degree murder. Brown was decided after Appellant's direct appeal. However, this Court has previously held that Brown did not create a new constitutional rule relative to the sufficiency of the evidence in a first degree murder case. See Miller v. State, No. 03C01-9409-CR-00336, 1995 WL 395842, at *3 (Tenn. Crim. App. July 6, 1995).

Therefore, Appellant could have brought this sufficiency claim in his first post-conviction petition. Because he failed to do so, this claim is waived.[1]

---

[1] Appellant argues that the record is insufficient to show that he personally waived the claim. This point, whether accurate or not, is irrelevant. "Waiver in the post-conviction context is to be determined by an objective standard under which a petitioner is bound by the action or inaction of

Accordingly, this case is reversed and remanded to the trial court for consideration of Appellant's first claim in a manner consistent with this opinion.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JOSEPH M. TIPTON, JUDGE

---

his attorney." House v. State, 911 S.W.2d 705, 711 (Tenn. 1995). While it is true that House was not issued until three months after the trial court's dismissal of Appellant's claim, the concept of an objective waiver standard was well-established prior to that ruling. See, e.g., Caruthers v. State, 814 S.W.2d 64 (Tenn. Crim. App. 1991); State v. Bishop, 731 S.W.2d 552 (Tenn. Crim. App. 1986).