IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1998 SESSION

FILED

August 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9707-CC-00262 |
| | ) | |
| Appellee | ) | DYER COUNTY |
| | ) | |
| v. | ) | HON. J. STEVEN STAFFORD, |
| | ) | JUDGE |
| WILLIAM PAUL BOGUS, | ) | |
| | ) | POST-CONVICTION RELIEF |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

William K. Randolph
120 N. Mill Street, Suite 303
P.O. Box 611
Dyersburg, TN 38025-0611

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

The defendant, William Paul Bogus, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the denial of his petition for post-conviction relief by the Dyer County Circuit Court.

On May 9, 1994, the defendant was convicted of selling cocaine in a jury trial. He was sentenced as a Range II, multiple offender to eight years and fined $2,000.00. The trial court ordered the defendant to serve this sentence consecutive to his prior sentences and parole revocation. The trial court's judgment became final on May 9, 1994.

The defendant filed a *pro se* petition for post-conviction relief on November 1, 1996. The petition alleged that the defendant was entitled to a new trial because his trial counsel was ineffective[1] and because the trial court erred in not allowing him to represent himself at trial.

A hearing on the petition was held in the trial court on February 10, 1997. On March 13, 1997, the trial court denied the defendant's petition for post-conviction relief in an order which set out its findings of fact and conclusions of law.

In this appeal, the defendant raises the issue that the denial of his petition for post-conviction relief is based on the error of not being allowed to represent himself at trial.

The judgment of the trial court is affirmed.

The transcript shows that on December 21, 1993 a hearing was held during which the defendant asked the trial judge to be allowed to represent himself at trial. The trial judge engaged the defendant in a colloquy to determine the reasons why he wanted to represent himself. After hearing the defendant's responses, the trial judge asked the defendant if he would agree to counsel being appointed for thirty

---

[1] The defendant did not present the matter of the ineffectiveness of his trial counsel as an issue for our review, and we see no reason to review this issue based on the record before us. Rule 13(b) Tenn. R. App. P.

days, at the end of which the defendant could come back if he still wanted to represent himself. The defendant agreed to work with the appointed counsel for a thirty day period and never appeared before the trial court during the trial phase to complain about the appointment of counsel.

At the post-conviction hearing, the defendant testified that he agreed to the trial judge's appointment of counsel because he thought the appointed counsel would only serve as elbow counsel. On cross-examination, the defendant admitted that he never brought the subject of self-representation up again until he filed a motion for new trial after his conviction. The record also reveals that the defendant never raised the issue of self-representation in his direct appeal to this Court.

In a post-conviction proceeding, the burden of proof rests upon the petitioner to prove his allegations by a preponderance of the evidence. *Sherrill v. State,* 772 S.W.2d 60, 62 (Tenn. Crim. App. 1988). Furthermore, the findings of the trial court in a post-conviction hearing are conclusive on appeal unless the evidence preponderates against the judgment. *Campbell v. State,* 904 S.W.2d 594, 596 (Tenn. 1995); *Adkins v. State,* 911 S.W.2d 334, 341 (Tenn. Crim. App. 1994).

In denying the petition for post-conviction relief, the trial judge found that the defendant withdrew his request to represent himself when he agreed to work with the appointed counsel for thirty days and never raised the request again during the trial phase. *See State v. Herrod,* 754 S.W.2d 627, 629-630 (Tenn. Crim. App. 1988). After a thorough review of the record, we agree with the trial judge that the defendant waived the right to represent himself. Tenn. Code. Ann. § 40-30-210(f). Furthermore, the evidence does not preponderate against the judgment of the trial court.

The judgment of the trial court denying the defendant post-conviction relief is affirmed. The cost of this appeal is taxed to the defendant.

_____
John K. Byers, Senior Judge

CONCUR:

_____
David H. Welles, Judge

_____
Jerry L. Smith, Judge