IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2001

## RICARDO MAXWELL v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Madison County**
**No. C99-323     Joe C. Morris, Judge**

---

**No. W2000-02011-CCA-R3-PC  - Filed May 10, 2002**

---

A Madison County jury convicted the petitioner and his co-defendants of felony murder, conspiracy to commit especially aggravated burglary, especially aggravated burglary, and theft over five hundred dollars. See State v. Montez Antuan Adams, No. 02C01-9709-CC-00352, 1998 WL 556174, at *1 (Tenn. Crim. App. at Jackson, Sept. 1, 1998). For these offenses the petitioner effectively received a life sentence. Id. On appeal this Court reduced the especially aggravated burglary to aggravated burglary and announced the corresponding sentence for this offense with respect to the petitioner and each of his co-defendants; however, the remainder of the convictions were affirmed, and the effective sentence remained the same. Id. at *1, *9. Subsequently, the petitioner filed a pro se post-conviction petition and received appointed counsel thereon. At the evidentiary hearing on this petition, the petitioner unsuccessfully pursued an ineffective assistance of counsel claim. Through this appeal he continues to aver that he received ineffective assistance because counsel did not fully discuss potential trial tactics and strategies with him, thereby depriving him of the opportunity to aid in his defense. After considering this matter, we determine that the petitioner has failed to prove that this claim merits relief. As such, we affirm the trial court's dismissal of the petitioner's post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Ernest T. Brooks, II, Jackson, Tennessee, for appellant, Ricardo Maxwell.

Paul G. Summers, Attorney General & Reporter; Mark E. Davidson, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney, for appellee, State of Tennessee.

# OPINION

## Factual Background

In deciding the petitioner's case on direct appeal, this Court summarized the facts as follows:

> The State presented evidence at trial revealing an agreement by Adams, Maxwell, Willoughby, and Marquel Horton during the day of June 2, 1996, to "run up in," or rob, the home of victim Antonio Givens. According to Horton, Defendants met each other at Maxwell's residence, and Horton then drove them to the victim's house in his mother's car. Willoughby broke down the back door of the home, and Defendants entered, each drawing a weapon. Defendants searched the house and found a nine millimeter Intertech handgun underneath Givens' mattress. Shortly after Defendants entered, Horton saw a black car approaching the house. He called a warning to the others and ran out the back door toward a wooded, brushy area behind the home.
>
> Horton then heard two gunshots as he escaped into the back of the property; a neighbor also testified to hearing two gunshots. Defendants Adams and Willoughby caught up to Horton soon thereafter, but Maxwell had abandoned the scene and his whereabouts were unknown. Horton asked the two Defendants who fired the shots, and Willoughby replied that he had fired them both. To elude police, Defendants walked for approximately three hours before arriving at a convenience store; telephoning Adams' girlfriend, Patricia Maxwell (Defendant Maxwell's sister), to pick them up; and going back to Maxwell's house.
>
> State witness Bernard Robinson, a friend of victim Givens, testified that he and Givens returned to the residence at nearly midnight on June 2. Robinson and the victim noticed that heat-sensitive lights on the back of the house were "blinking," that Givens' dogs were barking, and that a vehicle (later identified as registered to Marquel Horton's mother) was parked outside the house. According to Robinson, Givens drew a gun and approached the back of the house. As the victim rounded the corner from the front of the house, Robinson heard two gunshots and at least one person running through the woods. Givens ran from the back of the house toward Robinson, and Robinson carried the victim across the street to seek help from a nurse who lived nearby. Givens died in the early morning of June 3 from one gunshot wound to the chest fired from his own nine millimeter Intertech gun, a weapon which was later found by police in Defendant Maxwell's bedroom closet.

Id. at *2-*3 (footnotes omitted). As aforementioned, the petitioner stands convicted of four offenses arising from these events.

Turning to the proof from the post-conviction hearing, the only witness called was the petitioner. In his testimony the petitioner stated that his trial counsel had consulted with him

"[p]robably twice"[1] prior to trial concerning his case. In addition, the petitioner claimed that counsel had not discussed tactical decisions or possible strategies with him nor did she provide the petitioner with copies of the motions filed in his case. The petitioner further asserted that he had not been afforded a chance to aid in his defense because he had never been asked to do so. In conclusion, the petitioner stated that he was before the court seeking

> a sentence reduction . . . [b]ecause, you know, I feel there were some mistakes made in my trial and – on behalf of my defense and, you know, I understand that it was a serious . . . crime and, you know, I can't change that. But I really, you know, ask the Court for a sentence reduction.

At the close of the brief direct examination of the petitioner, the State elected not to cross-examine him. Thereafter, the petitioner rested his case, and the State moved for a dismissal of the claim. The trial court orally granted this motion. In its subsequent written order dismissing the post-conviction petition, the trial court stated:

> The petitioner has failed to establish by any clear and convincing proof that trial counsel was in any way deficient. There is nothing in the record or the testimony that in any way indicates that trial counsel failed to perform as required by law. The petitioner was unable to state any fact or introduce any proof whatsoever that trial counsel did or did not do anything that would constitute a violation of any constitutional . . . right nor is there any proof in the record that there is anything that trial counsel could have done at trial or on appeal that would have resulted in a different outcome.

Upon reviewing relevant authorities, we agree with the trial court's action. We, therefore, affirm the trial court's dismissal of the petition.


### Post-Conviction – Standard of Review

Initially, we observe that a petitioner bringing a post-conviction petition bears the burden of proving the allegations asserted in the petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). Moreover, the trial court's findings of fact "are conclusive on appeal unless the evidence preponderates against the judgment." Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); see also Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995).

---

[1] The petitioner provides no detail concerning the length of these meetings.

**<u>Ineffective Assistance of Counsel – Standard of Review</u>**

In addition, a petitioner seeking post-conviction relief on the basis of ineffective assistance must prove "that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial." <u>Powers v. State</u>, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). To satisfy the deficient performance prong of this test, the petitioner must establish that the service rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975). Furthermore, to demonstrate the prejudice required, the petitioner "must show that there is a reasonable probability that, but for counsel's" deficient performance, "the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." <u>Henley v. State</u>, 960 S.W.2d 572, 580 (Tenn. 1997). Indeed, "a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." <u>Id.</u>

As above-noted, the petitioner testified that trial counsel provided ineffective assistance because she failed to fully discuss tactical choices and potential strategies with him.[2] This testimony remains uncontradicted since the State elected not to cross-examine the petitioner nor to call the petitioner's trial counsel, who appears to have been present in the courtroom at the post-conviction hearing.

In general, the State's failure to call trial counsel constitutes a risky approach to post-conviction proceedings. On previous occasions this Court has underscored this fact by holding "that when counsel is challenged and a post-conviction relief hearing is held, the State should present the attacked counsel to show what occurred." <u>Sherrill v. State</u>, 772 S.W.2d 60, 63 (Tenn. Crim. App. 1988) (1989 Opinion on Denial of Rehearing) ; <u>see also</u> <u>Davis v. State</u>, 673 S.W.2d 171, 174 (Tenn. Crim. App. 1984); <u>State v. Craven</u>, 656 S.W.2d 872, 873 (Tenn. Crim. App. 1982); <u>Garrett v. State</u>, 530 S.W.2d 98, 99 (Tenn. Crim. App. 1975). Moreover, this Court has emphasized that "[t]his ruling is particularly crucial [when the] petitioner alleges deficiencies as to counsel's pretrial performance."[3] <u>Sherrill</u>, 772 S.W.2d at 63 (1989 Opinion on Denial of Rehearing). Nevertheless, the failure to call trial counsel is not always fatal. <u>See, e.g.</u>, <u>Jeffrey A. Hudson v. State</u>, No. 02C01-9308-CR-00183, 1994 WL 679970, at *3 (Tenn. Crim. App. at Jackson, Dec. 7, 1994); <u>Garrett</u>, 530 S.W.2d at 99-100.

Regardless of whether trial counsel provided deficient services, the petitioner in the present case failed to prove the second prong of the aforementioned test. Though he claims that counsel did not fully discuss strategy and tactics with him, he does not suggest what strategy or tactic trial

---

[2] For trial counsel in a criminal case to be deemed competent, precedent provides that counsel should fully discuss potential strategies. <u>See</u>, <u>e.g</u>., <u>Baxter</u>, 523 S.W.2d at 932-33.

[3] This Court ruled in <u>Sherrill</u> that the failure to call counsel resulted in "what amounted to a default on the merits" by the State. <u>Sherrill</u>, 772 S.W.2d at 64 (1989 Opinion on Denial of Rehearing). However, after careful consideration, we find <u>Sherrill</u> distinguishable from the instant case.

counsel erroneously pursued or should have pursued.[4] While asking "for a sentence reduction," the petitioner alludes generally to "some mistakes made in [his] trial." This Court is not clairvoyant, and the petitioner has not shown by clear and convincing proof a reasonable probability that, but for the alleged deficient performance, the result of his trial would have been different. See, e.g., James Michael Booth v. State, No. 01C01-9312-CR-000429, 1994 WL 672541, at *2, *4 (Tenn. Crim. App. at Nashville, Dec. 1, 1994.) This issue, thus, merits no relief.

**Conclusion**

For the foregoing reasons we find that the petitioner's allegation lacks merit. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

---

[4] Though post-conviction counsel asked that the trial and sentencing hearing transcripts be made a part of the record, neither counsel nor the petitioner referenced any portion thereof at the evidentiary hearing. Furthermore, the petitioner's brief does not cite to any of the volumes.