THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALEXANDER ACKERSON, Defendant.

County Court, Kings County, December 10, 1937.

*William F. X. Geoghan, District Attorney,* for the plaintiff.

*Walter R. Hart,* for the defendant.

TAYLOR, J.   Opinion on revocation of bail on each indictment.

The defendant was arraigned on all four indictments on January 20, 1937.   He pleaded not guilty on each.   He was remanded for trial, and bail was denied as a matter of judicial discretion under the authority of section 553 of the Code of Criminal Procedure.

In denying bail, the court took into consideration, among other things, the defendant's criminal record as shown by the fingerprint report of the Bureau of Criminal Identification.   The same shows a mail fraud conspiracy conviction in 1925, with a sentence to the Atlanta Penitentiary; a forgery arrest in 1933, which was dismissed in the Court of General Sessions; a fraud larceny charge in 1936, in which the defendant jumped bail; and a forgery charge in 1936, dismissed by magistrate.   The court also considered the number and nature of the pending indictments, as follows:

16363 A.  Forgery 2, attempted grand larceny 2.

16363 B.  Grand larceny 2.

16363 C.  Grand larceny 2.

16363 D.  Forgery 2, attempted grand larceny 2.

Thereafter a justice of the Supreme Court overruled the discretionary denial of bail by this court and fixed bail in sums aggregating $7,500.   Upon the indictments' being moved for trial this court learned of the admission of the defendant to bail, and now considers the question of revoking bail as fixed by the other justice and again holding the defendant for trial, without bail, as a matter of judicial discretion.

Concededly, if a constitutional point was involved, it was properly determinable upon a writ, in the Supreme Court; but, if no constitutional point was involved, the Supreme Court justice had only concurrent jurisdiction, and, although having power to fix bail, could with no more judicial propriety exercise that power than could a judge of this court with propriety exercise similar power in overruling a decision by one of his judicial colleagues. The practice of overruling one another in matters of purely co-ordinate jurisdiction, not only leads to confusion, but tends, in the evil of shopping for bail, to discredit this court in the eyes of the criminal world. In the County Court there is a fixed rule against it, and, so far as other judges of purely co-ordinate jurisdiction are concerned, it can at least be said that a policy of sound judicial propriety should apply. Any upsetting of this practice to the discredit of the initial action smacks of sabotaging the machinery of the criminal courts with the velvet glove of co-ordinate interference. Considering the highly specialized and experienced work done by the criminal judges, it should be apparent that, when such interference is from a quarter untrained in criminal law administration, the resulting embarrassment may be more than casual. It cannot be assumed that a judge of one court has better mental equipment than a judge of another, because, after all, what is more politically fortuitous than judicial selection and classification?

The conclusion reached, after consideration of the authorities, is that bail on felony indictments is not a constitutional question, unless, instead of denying bail, the judge allows bail but fixes an excessive amount. The latter question then becomes reviewable, under a writ, because bail when and if allowed must not, under the Constitution, be excessive.

Bail in felony cases, before and after adoption of the first Bill of Rights, was and still is a matter of discretion in common-law jurisdictions. That discretion was continued by the New York statutes. (Code Crim. Proc. § 553.) However, if bail is allowed, the amount thereof must not be excessive. (N. Y. Const. art. 1, § 5; U. S. Const. 8th Amendt.)

Denial of bail may not be construed as excessive bail. The weight of authority on this point is clear. Even the statutes have gone so far as to place a mandate against felony bail in certain cases. This not to displace, but to supplement, the judicial discretion in any and all other felony cases. (Code Crim. Proc. §§ 552–555.) The view that denial of bail is the same as excessive bail would subject these statutes to attack upon constitutional grounds.

Denial of discretionary bail is not reviewable other than by an appellate court having power to review discretionary decisions. In other than an appellate court the sole question on habeas corpus is, legality of the detention. " The theory is that the defendant \* \* \* is unlawfully imprisoned." ( *People ex rel. Rothensies* v. *Searles*, 229 App. Div. 603, 604.) Where discretionary bail has been denied, the detention is legal and the writ must, therefore, be denied. The writ is not a substitute for appeal.

In the absence of statutory inhibition, no question may be raised as to the right of appellate court review. The absence of such a power would tend to foster abuses. Legitimate objection may be made, however, to interference and review by judges of co-ordinate jurisdiction. Such interference tends to foster disrespect on the part of the law-breaking elements.

The New York Bill of Rights, concerning discretionary felony bail, was copied from the English Act of James II (Lesser Magna Charta; 1 Wm. & M. Sess. 2, ch. 2, 1688.) It is wholly reconcilable with the requirement that bail, if allowed, shall be reasonable in amount.

Blackstone goes into this subject at length (Vol. IV, pp. 296, 297). As to a serious felony: " In order to insure that justice shall be done upon him, if guilty, \* \* \* such persons therefore, \* \* \* have no other sureties but the four walls of the prison." " *In omnibus placitis de felonia solet accusatus per plegios dimitti, praeter quam in placito de homicidio, ubi ad terrorem aliter statutum est.*" Among the enumerated examples of discretionary bail denials cited by this noted savant are: Treason, murder, clear manslaughter, prison breakers charged with felony, abjuration of the realm, outlawry, approvers, persons taken in the act of felony, arson, excommunication. Other denials of bail, of dubious nature, are to known thieves, persons charged with other felonies, or not being of good fame, accessories to felony of bad reputation.

We find in Cooley's Constitutional Limitations (8th ed. p. 643): " But in the case of felonies, the privilege of giving bail before trial was not a matter of right." In other recognized authorities the same principle is asserted that felony bail rests in the sound discretion of the judge. ( *People* v. *Goodwin*, 1 Wheeler Cr. Cas. 434, note; *People* v. *Van Horne*, 8 Barb. 158; Chitty Criminal Law, pp. 93, 95–99.)

On the evil of peddling bail petitions among judges of co-ordinate jurisdiction, see 41 Yale Law Journal (Dec. 1931, p. 293). *People ex rel. McManus* v. *Warden of City Prison* (226 App. Div. 364), although cited to the contrary, had an acute practical angle which deprived it of authoritative force. The appellate court had dis-

cretionary power to admit to bail, which could be exercised with propriety because of undue delay in moving the case for trial or in setting a trial date. This is as far as the decision sensibly goes. The propriety of Mr. Justice LEVY's initial action, although at least a debatable question, was eclipsed by the special and practical features of that case.

Concerning reduction of amount, where bail has been allowed, the practice has grown up of overruling other judges' fixations almost as a matter of course. This frequently embarrasses the work of the criminal courts and of the police. Its abuse tends to the abhorrent practice of bail shopping.

Bail is usually fixed *ex parte*, on arraignment, but it is the policy of criminal courts in general to consider on the merits any subsequent application for reductions. As a matter of propriety, such applications are referred to the original judge.

This point is lucidly discussed in *People ex rel. Rothensies* v. *Searles (supra)*. There a Supreme Court justice, on a writ, reduced bail as fixed by the county judge. The order was reversed, the opinion stating in part: " The admission to bail in this case was a matter of discretion. * * * It was exercised by the judge presiding in County Court in which the action was triable, apparently after some inquiry into the circumstances. No application was made to the same judge for reduction of bail although at the time it was fixed the amount was only tentative. * * * No finding was made that the bail was in fact excessive, nor was there even such recital in the order — yet the bail was reduced to half the amount fixed by the county judge. It amounted to nothing more than the review of the discretionary act of one judge by another judge on the same state of facts. The law does not contemplate that sort of procedure. * * * We disapprove the practice which seems to have grown up for instituting habeas corpus proceedings in behalf of defendants under the guise that it is a case of excessive bail; and compelling the district attorney to go to different parts of the judicial district for the purpose of having the discretionary acts of the county judge, familiar with the facts, reviewed by local resident justices and bail reduced with no new facts presented and without regard to whether it is in fact excessive or not."

It, therefore, follows, in the case at bar, that no constitutional questions being involved, and the fixing of bail being by a judge of co-ordinate jurisdiction, this court, in which the indictment awaits trial, has the power to reinstate its original determination, and may with propriety, to that end, revoke the present bail.

The bail on each indictment is revoked, and bail is denied, on each indictment, as a matter of judicial discretion.