RALPH L. JANOW, Plaintiff in Error. v. STATE OF TENNESSEE, Defendant in Error.—470 S.W.2d 19.

April 14, 1971.

Certiorari Denied by Supreme Court July 19, 1971.

Richard B. Gossett, Chattanooga, for plaintiff in error.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, Gary Gerbitz, Assistant District Attorney General, Chattanooga, for defendant in error.

OLIVER, J. Ralph L. Janow, the petitioner below, indigent and represented by court-appointed counsel, an inmate of the State Penitentiary where he is serving a sentence of not less than 10 nor more than 15 years adjudged in the Criminal Court of Hamilton County in February of 1967 upon his conviction of armed robbery, appeals to this Court from the judgment of that court dismissing, after an evidentiary hearing, his petition filed under the Post-Conviction Procedure Act of this State

(TCA sec. 40-3801 et seq.) contesting the validity of that conviction, which was affirmed by the Supreme Court of Tennessee in an unpublished opinion filed March 6, 1968.

In an opinion in this case filed September 10, 1970, we reversed the judgment of the trial court and remanded Janow's petition for a new trial thereon for the reason that his Bill of Exceptions could not be considered because it was not filed within the time required by law. The State took the case to the Supreme Court of Tennessee by writ of certiorari to review this Court's action, contending that, under the authority of Chapter 475 of the Public Acts of 1970 amending TCA sec. 27-111, this Court should have ordered the filing of the late Bill of Exceptions *sua sponte* and then should have considered this appeal upon its merits. In a per curiam order filed March 1, 1971, the Supreme Court sustained the State's position and remanded this case to this Court for consideration of the petitioner's assigned errors.

By common consent, the hearing upon Janow's post-conviction petition was confined to his fourth ground of assault upon his conviction, the substance of which was that the refusal of the trial court to grant him a severance and a trial separate from his co-defendant, William Thomas Arthur, denied him the right to have that co-defendant testify in his behalf. The only Assignment of Error here is that the judge who heard this petition disregarded the testimony of Janow and Arthur, the only witnesses. In effect, the petitioner now insists that the evidence preponderates against the trial court's judgment dismissing this petition.

We summarize the material substance of Janow's and. Arthur's testimony. Janow said if he had been granted a severance, Arthur would have testified for him; that retained counsel represented him in his trial; that the reason he filed his motion for a severance was that Arthur was going to testify on his behalf in the trial; and that no one identified him at the trial as a participant in the robbery. Under cross-examination he admitted several prior burglary and larceny convictions, one for robbery and two for escape from the workhouse. He introduced a certified copy of his new trial motion to which was attached Arthur's affidavit stating that after the robbery he and the two men who committed it saw Janow walking down the street and picked him up and that Janow had no part in the robbery and knew nothing about it, and that at the trial "I William Thomas Arthur did not take the witness stand on Ralph Janow's behalf because I was pleading not guilty and by taking the witness stand in order to prove Ralph Janow innocent of armed robbery I would have placed myself in a position of admitting guilt."

Arthur, who was brought from the penitentiary to testify at this hearing, said that he would have testified in Janow's favor and would have exonerated him had they been tried separately, but could not afford so to testify in their joint trial because he would have been forced to incriminate himself if he had told the truth; that he was convicted along with Janow and did not testify in that trial; and that if he had testified that Janow did not have anything to do with the robbery he would have had to admit his own participation in it. Asked what he would have done if a severance had been

granted and Janow had been tried first, Arthur replied, "I don't know, I was going to try to get my trial set first." Asked then what he would have done if he had not been able to get his own trial set first, and whether in that event he still would have been unable to testify exonerating Janow, Arthur replied, "It didn't happen, so I don't know." He testified that he got 25 years for this armed robbery, and that he also had a 65-year sentence for another armed robbery and one of 19 years for murder.

In his finding of fact in this case, the trial court reviewed the foregoing testimony and concluded as follows:

"The credibility of both the petitioner and witness Arthur was attacked by the showing of a long line of convictions of infamous crimes involving moral turpitude. This Court, therefore, now finds as fact that no reliance can be placed on the testimony of the petitioner and his witness, that the testimony that the witness would have testified for the petitioner is unbelievable, and that had the witness' case been set first, he would not have testified for the petitioner. It is the opinion of this Court that the petitioner, and his witness (his co-defendant in the prosecution) would have had no right to have had their cases set in any given order, had there been a severance, then petitioner would have been in no better position, if indeed, the witness ever would have testified, for the petitioner, which it appears he would not. The petition is therefore Denied."

In considering the petitioner's Assignments of Error challenging the findings of the trial judge, we

must adhere to the settled rule of law that the findings of the trial court, upon questions of fact, are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. No principle of law is more firmly established. State ex rel. Lawrence v. Henderson, Tenn.Cr.App., 433 S.W.2d 96; State ex rel. Jennings v. Henderson, Tenn.Cr.App. 443 S.W.2d 835; Myers v. State, 3 Tenn.Cr.App. 414, 462 S.W.2d 265.

Our Supreme Court has held repeatedly that the findings of a trial judge in an oral hearing, who sees and hears the witnesses testify, and hears and considers conflicting testimony, will be given the weight of a jury verdict. Taylor v. State, 180 Tenn. 62, 171 S.W.2d 403; Atlas Powder Co. v. Leister, 197 Tenn. 491, 274 S.W.2d 364. In the *Atlas Powder Co.* case, the Court reiterated the principle that the trial judge who hears the witnesses testify is the judge of their credibility the same as a jury is in a jury case.

We concur in the trial court's finding of fact and in his assessment of the credibility of the petitioner and Arthur. If a severance had been granted and they had been tried separately, certainly it is rudimentary that Janow could not have required Arthur to testify in his behalf, either before or after Arthur's own trial upon a plea of not guilty. And, from Arthur's testimony in this record, it is incredulous that in either event he would have been any more willing to incriminate himself by absolving Janow than he was in their joint trial. As the trial judge obviously concluded, the spuriousness of the petitioner's and Arthur's stories is manifest.

The burden of proving his allegations attacking his conviction and sentence by credible evidence was on the petitioner. State ex rel. Lawrence v. Henderson, *supra;* State ex rel. Leighton v. Henderson, Tenn.Cr.App., 448 S.W.2d 82; Shepard v. Henderson, Tenn.Cr.App., 449 S.W.2d 726. He has failed to carry that burden.

■ But beyond and apart from all of that, the petitioner here is confronted by an insurmountable obstacle. Of course, it is axiomatic that the matter of severance must be left to the sound discretion of the trial court, and he will not be put in error for failure to grant a severance unless it is satisfactorily shown by the defendant that he was clearly prejudiced thereby. Davis v. State, Tenn.Cr.App., 445 S.W.2d 933. No abuse of the trial court's discretion is apparent in this record.

■ Moreover, equally fundamental, and determinative here, the law is settled that a trial court's exercise of judicial discretion will not be reviewed on habeas corpus. Barton v. City of Bessemer, 27 Ala.App. 413, 173 So. 621; People v. Ackerson, 166 Misc. 130, 1 N.Y.S.2d 427; White v. Maxwell, 174 Ohio St. 186, 187 N.E.2d 878, cert. den. 375 U.S. 880, 84 S.Ct. 151, 11 L.Ed.2d 112; Ex parte Asadoorian, 48 R.I. 50, 135 A. 322; 39 C.J.S. Habeas Corpus sec. 15, p. 449, at least unless such discretionary actions prejudicially trench upon constitutional rights of the accused. Roach v. Bennett, 392 F.2d 743 (8th Cir. 1968). This follows inevitably as a necessary corollary of the deeply rooted and established principle that habeas corpus is not available as a substitute for or to serve the purpose of appeal or writ of error. State ex rel. Leighton v. Henderson, *supra.* Of course, the same rules neces-

sarily apply also to all post-conviction collateral attacks upon final judgments of conviction.

Only because of Janow's assertion that at the trial no one ever identified him as a participant in the robbery, we have looked to the record of his direct appeal to our Supreme Court from his original conviction, and to the affirming opinion of that Court in that case. This we are unquestionably authorized to do. Canupp v. State, 3 Tenn.Cr.App. 249, 460 S.W.2d 382. In one of the petitioner's Assignments of Error on appeal, he challenged the sufficiency of the evidence to warrant and sustain the verdict of the jury. Rejecting that insistence, the Court noted (1) that one witness who was in the pharmacy during the robbery testified that three men participated and that he identified Janow in a line-up as being one of them; (2) that two police officers who arrived on the scene as the robbers were driving away gave chase immediately and did not lose sight of the automobile for more than a second before it struck a telephone pole, and that it could not have stopped and picked up a person without their seeing it; (3) that Janow and Arthur and Ronald Smith (who was jointly indicted and entered a plea of guilty) were arrested when the car wrecked; (4) that eighteen .22 caliber cartridges and five bottles of narcotics and $93.25 in cash were found on Janow's person; (5) that a .22 caliber pistol and a bag containing bottles of narcotics were found in the car; (6) that Ronald Smith testified on behalf of the defendant Janow, saying that he and two others whom he refused to name committed the robbery and that in their flight they stopped and picked up Janow; and (7) that Janow did not testify.

Thus, at his trial, Janow was positively identified as one of the robbers. And, in an effort to refute the evidence incriminating him, he presented his co-defendant Smith who completely exonerated him. So, one of his partners in this criminal enterprise testified exactly what the other partner, Arthur, claimed he would have said if he had testified. Of course, the jury found Smith's testimony incredible.

The judgment of the trial court is affirmed.

Walker, P.J., and Galbreath, J., concur.