# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs January 17, 2001 Session

## STATE OF TENNESSEE v. ALLAN PRESTON BROOKS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 90-W-80    Walter Kurtz, Judge**

---

### No. M2000-00909-CCA-R3-PC - Filed July 25, 2001

---

The appellant, Allan Brooks, appeals from the trial court's denial of his petition for post-conviction relief. The appellant claims that he was denied effective assistance of counsel due to trial counsel's failure to (1) demand a sequestered jury, (2) object to a display used by the prosecution during cross-examination of the appellant, (3) object to the mention of the appellant's first trial, and (4) seek an interlocutory appeal of the trial court's ruling regarding the testimony of Josh Peyton, the victim's six year old son.[1] We find that the appellant received effective assistance of counsel and that his claims to the contrary are without merit. The decision of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ, joined.

Jefre S. Goldtrap, Nashville, Tennessee, for appellant, Allan Preston Brooks.

Paul G. Summers, Attorney General & Reporter; Glen C. Watson, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Roger Moore, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

### FACTS

On January 26, 1990, the appellant was charged with first degree murder, murder committed during the attempt to perpetrate a felony, and burglary with the intent to commit murder of his estranged girlfriend. The defendant was convicted by a jury of first degree murder and was acquitted

---

[1] In his brief in support of this appeal, the appellant asks this court to revisit alleged errors that were addressed previously on direct appeal. The trial court properly precluded the appellant from raising such claims at the post-conviction hearing, and we will not address those issues in this opinion. *See e.g., Morgan v. State*, 1 Tenn. Crim. App. 454, 445 S.W.2d 477 (1969); *see also Harvey v. State*, 749 S.W.2d 478 (Tenn. Crim. App. 1987).

of the felony murder and burglary charges. The murder conviction was subsequently reversed, and the case remanded for a new trial based on the trial court's error in jury instructions regarding deliberation and premeditation. *State v. Brooks*, 880 S.W.2d 390, 393 (Tenn.Crim.App. 1993). At the second trial, the defendant was found guilty of first degree murder and sentenced to life imprisonment. On October 29, 1998, this court affirmed that conviction and, on April 19, 1999, permission to appeal to the Tennessee Supreme Court was denied. *State v. Allan Brooks*, Davidson County, No. 01C01-9510-CC-00324 (Tenn.Crim.App., filed October 29, 1998, at Nashville).

## ANALYSIS

Under the Post-Conviction Procedure Act, the appellant bears the burden of proving his allegations by clear and convincing evidence. Tennessee Code Annotated § 40-30-210 (f). Factual findings made by the trial court are binding upon this court unless the evidence preponderates against them. *Cooper v. State*, 849 S.W.2d 744, 746 (Tenn. 1993). Questions concerning the credibility of witnesses and the weight given the testimony of witnesses are resolved by the trial court. *Bates v. State*, 973 S.W.2d 615, 613 (Tenn.Crim.App. 1997).

The standards by which ineffectiveness of counsel is judged in Tennessee are set forth in *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975), which requires that the advice given, or the services rendered by the attorney, be within the range of competence demanded of attorneys in criminal cases. The rule devised by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), provides:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless the defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.

The findings of fact of the trial judge on post-conviction hearings are conclusive on appeal unless the evidence preponderates against the judgment. *Vermilye v. State*, 754 S.W.2d 82, 84 (Tenn.Crim.App.1987); *Turner v. State*, 698 S.W.2d 90, 91 (Tenn.Crim.App.1985); *Janow v. State*, 4 Tenn.Crim.App. 195, 470 S.W.2d 19, 21 (1971). Furthermore, the Tennessee Supreme Court has stated that "it cannot be said that incompetent representation has occurred merely because other lawyers, judging from hindsight, could have made a better choice of tactics." *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982); *see also*, *United States ex rel. Burton v. Cuyler*, 439 F.Supp. 1173, 1187 (E.D.Pa.1977). A review of the record in this case does not convince us that the proof preponderates against the judgment entered by the trial court denying post-conviction relief.

### 1. Jury Sequestration

First, the appellant contends that his trial counsel was ineffective by failing to request a sequestered jury despite the appellant's repeated demands that such a request be made. Trial counsel testified at the post-conviction hearing that he requested jury sequestration at a pretrial conference before Judge Kurtz, who then informed him that shorter recesses and longer days would be used to

increase the speed of the trial to accommodate the jurors if they were sequestered. As an alternative, Judge Kurtz suggested that the jurors be kept together while in the Courthouse and be frequently "admonished" to avoid outside influences. Mr. Herbison testified that he took this proposal to his client, who agreed. The trial court accredited Mr. Herbison's testimony and found that he did not act ineffectively. The evidence does not preponderate against that finding.

Furthermore, the trial court found that even if counsel's actions fell below the professional standard, there is no evidence of prejudice. The appellant, Mr. Brooks himself testified that there is no evidence that any juror was exposed to prejudicial publicity or extraneous information. Judge Kurtz stated that to his recollection, this was not a high visibility case.

The evidence supports that trial court's finding that counsel's actions regarding the sequestering of the jury did not amount to ineffective assistance of counsel, and the defendant was not prejudiced. This issue is without merit.

## 2. Prosecution's Display

The appellant next contends that the prosecution misrepresented a note written by the defendant while the prosecution was re-writing the note on a display board at trial; and that his trial counsel's failure to object amounted to ineffective assistant of counsel. The contents of the note are unclear from the record. Counsel testified at the post-conviction hearing that the Assistant District Attorney prosecuting Mr. Brooks made a grammatical error in writing the note, and that Mr. Brooks pointed out and corrected the error during his testimony. Counsel stated that he took no action because he felt Mr. Brooks "made the point pretty effectively himself." The trial court further stated

> [H]ow the district attorney's mischaracterization of that during the argument could have affected the verdict here escapes me, and there is certainly no proof of that, and no indication that Mr. Herbison should have done anything other than what he did do."

The evidence presented by the appellant does not preponderate against the trial court's finding that trial counsel provided effective assistance in regard to the prosecution's display of the note. The appellant's contention to the contrary is without merit.

## 3. Mention of Appellant's First Trial

The appellant also contends that counsel was ineffective due to his failure to object to the mentioning of the appellant's first trial by the prosecutor during the second trial. This contention is contrary to the testimony presented at the post-conviction hearing.

Trial counsel testified at trial that the assistant district attorney prefaced one of her questions to Mr. Brooks during cross-examination by referencing the previous trial. This was the only mention of the previous trial during the second proceeding. Counsel further testified that he immediately asked for a side bar and moved for a mistrial. Due to problems with the recording equipment, a record of the side bar was not produced. The record contains an "unintelligible" notation.

No evidence was presented by the appellant to rebut trial counsel's testimony. The trial court found no evidence that the verdict was effected in any way by the isolated mentioning of the prior proceeding and that the appellant had failed to present any evidence of deficient representation.

The evidence presented by the appellant does not preponderate against the trial court's finding that trial counsel provided effective assistance in regard to the isolated mentioning of the previous proceeding. The appellant's contention to the contrary is without merit.

### 4. Interlocutory Appeal

The appellant's final contention is that he was denied effective assistance of counsel due to trial counsel's failure to seek an interlocutory appeal of the trial court's decision to allow the testimony of Josh Peyton, the six year old son of the victim and eye-witness to the murder. The record does not support the appellant's contention.

Trial counsel testified at the post-conviction hearing that, prior to trial, he filed a motion in limine with regard to the child's testimony. Counsel also testified that the trial court conducted a hearing outside the presence of the jury to determine the child's competency to testify. The hearing took place on the fourth day of the trial, and an interlocutory appeal was not sought, according to trial counsel because there was not time. The appellant presents no evidence that counsel's decision fell below the reasonable standard of competency that attorneys are held to in criminal cases, other than the bare assertion that an interlocutory appeal should have been sought.

Furthermore, the appellant presents no evidence that he was prejudiced by trial counsel's decision or the trial court's ruling. In fact, trial counsel testified that the child's testimony supported the appellant's defense in many ways. Counsel also testified that he was able to cross-examine the child fully. This court will not second guess the trial strategy of trial counsel if that strategy is based upon adequate preparation. *Hellard*, 629 S.W.2d at 9. While other attorney's may have sought an interlocutory appeal, that does not mean that trial counsel's actions were deficient in any way.

### CONCLUSION

The evidence does not preponderate against the findings of the trial court. We find that the appellant received effective assistance of counsel. The judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE