IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1999 SESSION

FILED

January 4, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

ALICIA SHAYNE LOVERA, )
)
     Appellant, ) No. 03C01-9901-CC-00030
)
) Sevier County
v. )
) Hon. Rex H. Ogle, Judge
)
STATE OF TENNESSEE, ) (Post-conviction)
)
     Appellee. )

## CONCURRING OPINION

        I concur in the majority opinion. However, I disagree with its assumption that because of State v. Brenda Anne Burns, No. W1995-00004-SC-R11-CD, Henry County (Tenn. Nov. 8, 1999) (for publication), our standard of review on the ineffective assistance of counsel claim is de novo. Since day one of the creation of post-conviction procedures, the findings of the trial court in a post-conviction case have been given the weight of a jury verdict. See Janow v. State, 4 Tn. Crim. App. 195, 200, 470 S.W. 2d 19, 21 (1971). In fact, in reviewing the issue of the effective assistance of counsel, our supreme court stated that it "must now determine whether the evidence in the record preponderates against the trial court's finding that the petitioner failed to establish that he was denied his constitutional right to effective assistance of counsel." Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). In this respect, I do not believe that the supreme court intended in one sentence, without further discussion, to overrule sub silentio over thirty years of jurisprudence regarding the standard of review in post-conviction cases. Thus, I believe that the standard of review remains whether the evidence preponderates against the trial court's finding that the petitioner received the effective assistance of counsel.

_____
Joseph M. Tipton, Judge