IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

January 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **FREDERICK A. AVERY,** | ) | |
| | ) | **C.C.A. NO. 01C01-9704-CR-00128** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. CHERYL BLACKBURN,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:              FOR THE APPELLEE:


**MARK J. FISHBURN**              **JOHN KNOX WALKUP**
100 Thompson Lane              Attorney General & Reporter
Nashville, TN   37211

                              **CLINTON J. MORGAN**
                              Counsel for the State
                              425 Fifth Ave. N.
                              2nd Floor, Cordell Hull Bldg.
                              Nashville, TN  37243-0493


                              **VICTOR S. JOHNSON, III**
                              District Attorney General


                              **ROGER MOORE**
                              Asst. District Attorney General
                              500 Washington Sq.
                              222 2nd Ave. N.
                              Nashville, TN   37201


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

## **O P I N I O N**

The petitioner filed for post-conviction relief on April 20, 1994; an amended petition was filed on November 15, 1995. In response to charges of felony murder, aggravated robbery, robbery, attempt to commit robbery, aggravated burglary, theft of property and aggravated assault, the petitioner pled guilty on August 13, 1993, to second-degree murder and to robbery. As part of the plea-bargain, the remaining charges were dismissed and he was sentenced to twenty-five years as a Range I standard offender on the murder charge and to a consecutive term of ten years as a Range II multiple offender on the robbery charge. The petitioner contends that his guilty pleas were the result of ineffective assistance of counsel and therefore not voluntarily, knowingly and intelligently made. After an evidentiary hearing, the court below denied relief. We affirm.

In this post-conviction proceeding, the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence.[1] McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). The trial court's findings of fact are afforded the weight of a jury verdict, Summerlin v. State, 607 S.W.2d 495, 497 (Tenn. Crim. App. 1980), and this Court will not set aside the lower court's ruling unless the evidence contained in the record preponderates against its findings. Janow v. State, 470 S.W.2d 19, 21 (Tenn. Crim. App. 1971).

In attacking the validity of a guilty plea on the basis of ineffective assistance

---

[1]For post-conviction petitions filed after May 10, 1995, the burden of proof on a petitioner is that he or she prove his or her allegations by "clear and convincing evidence." See T.C.A. § 40-30-210(f) (1997).

2

of counsel, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome, that, but for the counsel's unprofessional errors, the results of the proceeding would have been different." Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996) citing Strickland v. Washington, 466 U.S. 668, 694 (1984). This Court will not use the benefit of hindsight to second-guess counsel's strategy or to criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner contends that his fourth trial lawyer[2] was ineffective in failing to investigate the case adequately, failing to pursue a motion to suppress his statement, and failing to advise him properly as to the sentences. In his brief, he asserts that "Because trial counsel failed to adequately represent him, . . . he could not make an informed and intelligent decision whether to exercise his constitutional right to a trial by jury and, therefore, the pleas of guilty which he entered were not knowingly and voluntarily done, but were the result of constructive coercion and intimidation."

After hearing the petitioner's testimony as well as that of his lawyer, and after reviewing the transcript of the guilty plea which was introduced into evidence, the court below found as follows:

> The transcript of the guilty plea clearly shows that the [trial] court engaged in a long series of questions to the petitioner regarding his understanding of his rights and voluntary

_____

[2]Three other lawyers had previously been appointed the petitioner and each was allowed to withdraw.

3

relinquishment of those rights.

> The petitioner testified that he was not knowledgeable about the criminal process and answered the Judge's questions according to the instructions of his attorney, and that he always wanted to go to trial in this case. The guilty plea transcript and the petitioner's criminal history contradict petitioner's claim.

> [Petitioner's attorney] testified that once the petitioner understood the elements of felony murder, he willingly entered into the plea discussions and was interested in obtaining the 'best deal he could.'

> Based on the testimony, the exhibits introduced at the hearing and the observations of the witnesses, the petitioner's claims are not credible. The pleas were not the result of coercion and intimidation.

> The petitioner has not carried his burden regarding this issue. The plea was, in fact, entered knowingly, voluntarily and intelligently.

The evidence does not preponderate against these findings and conclusions by the court below. This issue is without merit.

With respect to evaluating the petitioner's lawyer's performance, the court below found as follows:

> [Petitioner's lawyer] testified . . . that he attempted to locate a witness to the murder[,] 'Mr. Livingston[,]' but was unable to locate him. [Petitioner's lawyer] did not file a motion to suppress the [petitioner's] statement because one had previously been filed by one of the predecessor attorneys, a hearing had been held and the statement had been found to be admissible. [Petitioner's attorney] obtained all the previously filed discovery information from the court files. [He] stated he discussed the petitioner's self[-]defense theory with him at length and felt that the facts would not support such a claim. According to [petitioner's attorney], once the petitioner understood the charge of felony murder, the petitioner was interested in getting the best deal he could obtain from the Assistant District Attorney General. [Petitioner's attorney] discussed the waiver of the Range II Offender status in the

4

robbery charge with the petitioner as well as the consecutive sentencing aspects of the plea.

The Court finds that the petitioner was well represented by [his attorney], whose services were within the range of competence demanded of attorneys in criminal cases.

Again, the evidence does not preponderate against the lower court's findings. This issue is also without merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID H. WELLES, Judge