IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 26, 2000 Session

## J.Y. SEPULVEDA v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Circuit Court for Jefferson County**
**No. 15,954      Rex Henry Ogle, Judge**

---

**No. E1999-02766-CCA-R3-PC**
**July 27, 2001**

---

This is an appeal from the denial of the appellant, J. Y. Sepulveda's petition for post-conviction relief on the grounds that he was denied the effective assistance of counsel at the pre-trial stage of the prosecution. Appellant also alleges that the trial judge erred in not allowing testimony at the post-conviction hearing concerning ineffective assistance of trial counsel during trial. We find that none of these issues constitute error and affirm the trial court's denial of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JAMES CURWOOD WITT, JR., JJ, joined.

Tim S. Moore, Newport, Tennessee, for appellant, J. Y. Sepulveda.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Michael Murphy, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

### Factual Background

On August 6, 1991[1], ninety-five year old Cora Nicholson was found lying injured on the floor of her home, the victim of a beating. As the police investigated, they noticed blood on a broken window of the house and inside the house. The appellant, Mrs. Nicholson's neighbor, had a fresh cut on his hand. The appellant stated that he cut his hand trying unsuccessfully to get into the house to aid the victim. The appellant was advised of his rights at the scene and was asked to come to the police station for questioning. As they were leaving the scene, the officers overheard the appellant

---

[1]The facts are drawn from this Court's opinion on direct appeal. See *State v. Sepulveda*, 1997 WL 351107, *102, Sevier County, No. 03C01-9402-CR-00069 (Tenn. Crim. App., filed June 26, 1997, at Knoxville).

tell a family member to call his attorney. After arriving at the police station, the appellant was seated in the lobby to await the arrival of his attorney. The appellant waited for two hours. The appellant grew impatient and approached an officer and asked to make a statement. The appellant was again advised of his rights and signed a waiver of those rights and gave a statement to Officer McCarter. In this statement, the appellant admitted breaking into the house with David Johnson, the appellant's brother-in-law, but insisted that Johnson had inflicted the wounds on the victim. The appellant claimed that he acted only to prevent further injury. The appellant was then arrested for the burglary.

The appellant remained in jail and, in the subsequent weeks, gave two additional statements to the police which were essentially the same as the first statement. Based on those statements, the police arrested Johnson, who claimed the appellant had inflicted the wounds on the victim. The police requested that each take a polygraph test. While answering preliminary questions prior to the polygraph test, the defendant confessed to beating the victim.

Ms. Nicholson eventually died, twelve weeks after the attack and before the appellant's final incriminating statement. Following a jury trial the appellant was convicted of felony murder, especially aggravated burglary and theft of less than five hundred dollars.[2] The jury sentenced the appellant to life for the murder and the trial court sentenced him to ten years for the burglary and eleven months twenty-nine days for the theft.[3]

### Ineffective Assistance of PreTrial Counsel

The appellant contends that he was denied effective assistance of counsel before the trial because the appellant's pretrial counsel allowed the police to interview the appellant without counsel attending.

The standards by which ineffectiveness of counsel is judged in Tennessee are set forth in *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975), which requires that the advice given, or the services rendered by the attorney, be within the range of competence demanded of attorneys in criminal cases. The rule devised by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), provides:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless the defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.

---

[2] On direct appeal, this Court modified the conviction for especially aggravated burglary to a conviction for aggravated burglary in light of its decision in *State v. Jehiel Fields*, Bradley County, No. 03C01-9607-CC-00261, 1997 WL 122756 (Tenn. Crim. App. filed March 18, 1997, at Knoxville), in which we held that a defendant who is convicted of both first degree murder and especially aggravated burglary must have the especially aggravated burglary conviction reduced to an aggravated burglary conviction because the "act of killing the victim constituted the 'serious bodily injury' that was used to enhance the burglary offense to especially aggravated burglary. *See Sepulveda*, at *9.

[3] The appellant was sentenced by this Court to five years for the aggravated burglary conviction. *See Sepulveda*, at *9.

The findings of fact of the trial judge on post-conviction hearings are conclusive on appeal unless the evidence preponderates against the judgment. *Vermilye v. State*, 754 S.W.2d 82, 84 (Tenn. Crim. App. 1987); *Turner v. State*, 698 S.W.2d 90, 91 (Tenn. Crim. App. 1985); *Janow v. State*, 4 Tenn. Crim. App. 195, 470 S.W.2d 19, 21 (1971). A review of the record in this case does not convince us that the proof preponderates against the judgment entered by the trial court denying post-conviction relief.

The trial court at the initial hearing on whether to suppress the appellant's statements held, and this Court agreed, that, while the appellant's counsel's failure to be present during the appellant's questioning by police and the subsequent polygraph test was not a desirable practice, this impropriety was mitigated by the actions of the appellant. The appellant repeatedly approached law enforcement seeking to provide information about his accomplice. He was informed of his right not to speak and his right to counsel eight times and signed a waiver of those rights on seven of those occasions. The appellant sought out law enforcement at every turn and repeatedly professed to his pretrial counsel his innocence and his desire to cooperate with law enforcement. Also, there is no evidence in the record that, given the spontaneous nature of the appellant's confession, his attorney could have stopped the appellant from making the incriminating statement. The appellant cannot show that he has been prejudiced by the actions of his attorney prior to trial.

In *State v. Washington*, this Court held that the absence of counsel while the defendant testified at the trial of a co-defendant did not "constitute ineffective assistance *per se*." *State v. Washington*, Williamson County, No. C.C.A. 86-142-III, 1986 WL 14812, *1 (Tenn. Crim. App. filed Dec. 30, 1986, at Nashville). This Court further stated that even if the actions of counsel fell below the prevailing professional standard, prejudice must be shown. *Id.* at *2. In finding that the defendant in *Washington* was not prejudiced, the Court relied on the fact that the defendant was clearly advised of the ramifications that might result from his testimony, the fact that the defendant had made previous inculpatory statements following arrest, and the defendant's acknowledgment that the testimony was given voluntarily. *Id.*

The instant case is similar to Washington. The appellant had voluntarily admitted to breaking into the victim's home for the purpose of robbing her during his initial interview with police before requesting counsel. The trial court also found that not only had appellant given his statement voluntarily, he sought out law enforcement on several occasions to offer cooperation.

The trial court failed to find that but for the ineffective assistance of pretrial counsel there was a reasonable probability that the outcome would have been different. We conclude that the evidence does not preponderate against the findings of the trial court. Therefore, the issue is without merit.

## Ineffective Assistance of Trial Counsel

The appellant also contends that the trial court erred by refusing to consider testimony concerning the ineffectiveness of trial counsel because it was not raised in the petition for post-conviction relief.

Tennessee Code Annotated § 40-30-206(d), provides as follows:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a

factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn.Code Ann. § 40-30-206(d).

The trial court did not err by initially refusing to consider testimony concerning the ineffective assistance of trial counsel. The petition does not contain a clear and specific statement of the grounds upon which relief is sought, nor does it contain a full disclosure of the factual basis of the grounds asserted. The petition specifically states that the appellant was denied the effective assistance of counsel by Mr. Miller, his attorney before trial. However, no mention is made of the appellant's trial counsel or possible ineffectiveness on his part.

As we held in *Pewitt v. State*, 1 S.W.3d 674, 676 (Tenn. Crim. App. 1999), "the bare allegations that counsel failed to interview witnesses, failed to discover evidence not disclosed by the prosecution and failed to make proper objections during the trial carry neither a hint of deficient performance by counsel nor a glint of those actions prejudicing the petitioner at his trial."

Furthermore, the record indicates that the trial court allowed the appellant to make an offer of proof at the hearing on the petition for post-conviction relief. The offer of proof consisted of testimony supporting the appellant's contention that trial counsel was ineffective in failing to call a pathologist to testify regarding the cause of death of the victim. Due to the testimony of other medical personnel for both the prosecution and defense at trial, the trial court found that the testimony of a pathologist would have gone only to the weight of the evidence already presented and did not rise to the level of ineffective assistance of counsel. Furthermore, the trial court found no evidence of prejudice. The burden is on the appellant to show that the evidence preponderates against the findings of the trial court. *Clenny v. State*, 576 S.W.2d 12 (Tenn. Crim. App. 1978). This burden has not been met.

The trial court properly denied the appellant's request for relief on the basis of ineffective assistance at trial.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE